IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRANSTON L. ERBY, Plaintiff, v. ED RENDELL, Gov. Of Pa., et al., Defendants. | ) | Civil Action No. 05-473 JUDGE TERRENCE McVERRY MAGISTRATE JUDGE LENIHAN |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

It is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii).

## II. REPORT

Cranston L. Erby is a state prisoner and this is his third attempt to litigate the same underlying claims. Erby first filed Civil Action No. 04-215 in which he alleged that several employees of the Pennsylvania Department of Corrections deprived him of various of his constitutional rights by placing him in administrative custody, placing "snitches" in his cell block, etc. This is said to have begun in September, 2001, and to have be in retaliation for Erby's Muslim faith, and in an attempt to have Erby admit complicity in the terror attacks of September 11, 2001. A report and recommendation has been filed in that case in which it is recommended that the complaint be dismissed for failure to exhaust administrative remedies.

The same allegations from the 04-215 complaint were again repeated in a complaint filed by Erby at Civil Action No. 05-205. New, however, were Erby's allegations that the President of the United States, the Vice President and the Secretary of State conspired with Pennsylvania Department of Corrections employees to have plaintiff placed in restricted housing, or to otherwise violate his rights. That complaint was dismissed as a copy of the first, and as being frivolous.

Erby now files his third complaint, again repeating his claim of an astonishingly large and complex conspiracy, all centered around harassment intended to make Erby admit involvement in the 9/11 plot. Erby, as he did at 04-215, again concedes that he has not attempted to file grievances with respect to any of his claims of improper treatment while incarcerated. Also, as was the case with the 05-205 complaint, Erby again names a host of federal and state officials as defendants, including the President, the Vice-President and now Pennsylvania Governor Ed Rendell.

Congress has mandated that the court review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). That section provides in relevant parts a follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). This section applies equally to prisoner as well as nonprisoner *in forma pauperis* cases. See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231-33 (5th Cir.2002)(affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-206 (2nd Cir.2002)(affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).

Further, the court is directed to screen all civil rights complaints filed by prisoners which seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Here, the same underlying complaint of a conspiracy among state and federal actors, all coming to fruition in the state prison where Erby is housed, has now been presented for the third time to this court. The first complaint is being dismissed for failure to exhaust available administrative remedies. The same result would apply here since Erby concedes he has failed to seek administrative relief. The second complaint was dismissed as being a repeat of the first and, to the extent that it added additional defendants, it was dismissed as frivolous. This third complaint should be dismissed for three reasons: (1) it is a repeat of the first two; (2) administrative remedies are plainly available, and were admittedly not pursued; and (3) the

inclusion of several of the named defendants makes the complaint frivolous on its face.

**CONCLUSION**

Wherefore, on the basis of the foregoing, it is respectfully recommended that this action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii).

In accordance with the Magistrate's Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Dated: August 23, 2005

cc: The Honorable Terrence McVerry
United States District Judge

Cranston L. Erby, RC-1339
SCI-Greensburg
R.D. 10, Box 10
Greensburg, PA 15601